**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN GLOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:18CV1664 SNLJ** |
| | ) | |
| **SHRINERS HOSPITAL** | ) | |
| **FOR CHILDREN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Plaintiff brings this action for discrimination and retaliation pursuant to various state and federal laws against his former employer. Defendant moved to dismiss Counts I and II, which are for discrimination and retaliation under the Missouri Human Rights Act, § 213.010 RSMo ("MHRA"). The MHRA requires that a Notice of Right to Sue letter is a prerequisite to the filing of a suit for discrimination under the MHRA. *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 591 (Mo. *banc* 2013). Because plaintiff did not receive a Notice of Right to Sue Letter from the Missouri Human Rights Commission, defendant argues he cannot file a lawsuit for violations of the MHRA.

Plaintiff did not file a memorandum in opposition. Instead, plaintiff filed a motion to voluntarily dismiss Counts I and II without prejudice. Plaintiff explains that when he filed his complaint, he had received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on his ADEA claims, but the Missouri Commission

1

on Human Rights had not yet issued Notice of Right to Sue. As for the MHRA's Notice, plaintiff states that he's filed a writ proceeding in state court that is still pending.

Defendant responded, arguing that plaintiff's Counts I and II should be dismissed with prejudice, as explained in their motion to dismiss. Defendant explains that the Commission has no authority under the MHRA, § 213.111 RSMo, to issue a Right to Sue at this point. Plaintiff did not file a reply.

Ultimately, however, defendant concedes that the both motions should be held in abeyance pending the outcome of the state court writ proceedings, with discovery proceeding on plaintiff's federal claims. This Court agrees that defendant's motion to dismiss will be held in abeyance pending outcome of the state court writ proceedings. However, the motion to voluntarily dismiss Counts I and II will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#5) is **held in abeyance**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss without prejudice (#12) is **DENIED**.

Dated this   6th   day of February, 2019.

_____

UNITED STATES DISTRICT JUDGE