**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN GLOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:18CV1664 SNLJ** |
| | ) | |
| **SHRINERS HOSPITAL** | ) | |
| **FOR CHILDREN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Plaintiff seeks a motion compelling defendant to answer certain discovery
requests, to produce a witness for deposition, and to extend the date for discovery to
November 29, 2019.  (#33.)   Defendant responds that most of the issues plaintiff raises
have been resolved and that the only issue the Court must addressed is the time period for
which defendant must produce financial documents sought in plaintiff's Requests for
Production Nos. 9 and 11.   Plaintiff did not file a reply memorandum or otherwise
indicate disagreement, and the time for doing so has now passed.

Plaintiff was Administrator of defendant's St. Louis Hospital from 2010 to 2018.
Plaintiff's complaint alleges age discrimination and age-based retaliation based on
discussions about succession planning beginning in July 2016 and a complaint Plaintiff
allegedly made about those discussion in January 2017.   Plaintiff alleges he was

diagnosed with the medical condition which he claims constitutes a disability in November 2016.

Plaintiff's document requests at issue here include Request 9, which seeks "system scorecards" for 2010 to 2018 for all 22 hospitals in defendant's system; Request 10, which seeks financial statements for the St. Louis Hospital for 2015 to 2017; and Request 11, which seeks "Hospital Performance Scorecards," which plaintiff prepared during his employment, from 2010 to January 8, 2018. Defendant has determined that those three requests seek the same documents, but for different time periods. Defendant argues that the time period for each request should be 2015 to 2017—the last three years of plaintiff's employment going back to the year before plaintiff was diagnosed with the allegedly disability. Defendant points out that plaintiff himself limited the financial statements request to those years, and thus defendant argues the other two requests should be so-limited as well.

Plaintiff argues that as hospital administrator, part of his duties related to the financial performance of the St. Louis Hospital. Defendant does not dispute that point, but merely argues that the "scorecard" financial information sought in Requests 9 and 11 should be subject to the same time period as the general financial statements for the St. Louis Hospital because it is the "logically and legally relevant period."

It is unclear to the Court what additional information plaintiff seeks from the "scorecards" or why he would seek the scorecards for 2010-14 and 2018 but not the financial reports. Defendant states that it has already provided responsive documents for

the Requests 9, 10, and 11 for the years 2015 to 2017. The Court will therefore deny plaintiffs' motion to compel.

With respect to the plaintiffs' request for an extension of the discovery period, which is currently set to close on October 18, 2019, defendant states that such a request is premature. The Court agrees. Should plaintiff need an extension of time following the scheduling of upcoming depositions, the plaintiff may request one. The defendant indicates that it will not oppose such an extension if dispositive motion deadlines and the trial date are also extended. Thus, should the parties require an extension, they should move for an extension jointly and with proposed dates for remaining deadlines.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#33) is DENIED.

Dated this   23rd   day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE